**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RUSSELL E. CASTON,**

    **Plaintiff,**

    vs.                                  **Civil Action 2:08-CV-200
Judge Sargus
Magistrate Judge King**

**THOMAS E. HOAGLIN,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

Plaintiff, a shareholder of defendant Huntington Bancshares, Inc. ("Huntington"), brings this shareholder derivative action on behalf of Huntington against certain of its officers and directors. *Verified First Amended Shareholder Derivative Complaint*, Doc. No. 45 ("*Amended Complaint*").[1] This matter is before the Court on *Plaintiff's Motion for Leave to Serve Preservation Subpoenas on Various Third Parties*, Doc. No. 47 ("*Plaintiff's Motion*").

**I.    BACKGROUND**

Plaintiff filed this action on February 29, 2008. *Complaint*, Doc. No. 2. Defendants subsequently moved to dismiss plaintiff's claims. Doc. No. 23. This Court set a preliminary pretrial conference for June 25, 2008. Doc. No. 25. Prior to this conference, the parties jointly requested an extension of time for filing the Fed. R. Civ. P. 26(f) report pending ruling on the motion to dismiss. Doc. No. 33. The parties represented that postponing this submission was in the interest of judicial economy and would "conserve the parties'

---

[1]Although initially named as a defendant, Deloitte & Touche, LLP, was dismissed from this action on November 6, 2008. Doc. No. 53.

resources, and allow them to focus their efforts on briefing the motion to dismiss." *Id*. The Court granted the parties' request and vacated the preliminary pretrial conference, noting that the conference would be rescheduled, if appropriate, after resolution of the motion to dismiss. *Order*, Doc. No. 34.

On September 10, 2009, plaintiff's counsel asked defendants' counsel if the latter would object to document preservation subpoenas directed to third parties:

> To be clear, we are not requesting document production, inspection or identification of any documents. We are simply advising third parties to preserve all relevant documents in their possession, if any.

Exhibit A, attached to *Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to Serve Preservation Subpoenas*, Doc. No. 49 ("*Memo. in Opp.*").

Defendants responded that, under the circumstances in this case, the use of a Rule 45 subpoena was inappropriate:

> No discovery (or use of Rule 45) is proper until that motion [to dismiss] is decided.[2] Moreover, under the Federal Rules, no discovery is appropriate until the Rule 26(f) conference has been conducted.
>
> To the extent that plaintiff believes he should contact third parties with a request that documents be preserved, neither plaintiff nor plaintiff's counsel needs our permission. . . . We expect that any communication with third parties would not include a reiteration of what Huntington and the individual defendants believe to be unfounded allegations of wrongdoing, and strongly encourage you not to tortiously interfere with any of the defendants' rights.

*Id*.

---

[2]Plaintiff filed the *Amended Complaint* on September 12, 2008, which defendants moved to dismiss, Doc. No. 54, mooting the initial motion to dismiss the original *Complaint*. Doc. No. 55.

2

Plaintiff moves for leave to serve subpoenas "on various third parties" in order to preserve "critical and relevant" information. *Plaintiff's Motion*, p. 2. Because the parties have agreed to postpone the Rule 26(f) conference and because Rule 26(d) prohibits discovery prior to that conference, plaintiff seeks the Court's leave to issue the subpoenas. *Id*. Plaintiff contends that the subpoenas are appropriate because they (1) merely seek preservation, rather than production, of information; (2) are directed to a specific list of 19 persons; and (3) are narrowly tailored in scope. *Id*. at 3-4.[3]

Defendants oppose *Plaintiff's Motion*, noting that of the 19 individuals identified, 11 are current Huntington employees, 6 are former employees and the remaining 2 are employees of the Office of the Comptroller of the Currency ("OCC"). *Memo. in Opp.*, pp. 1-2. Defendants argue that subpoenas directed at the current employees are inappropriate because it is really Huntington, not the individual employees, who control the documents, which should be sought from Huntington under Fed. R. Civ. P. 34. *Id*. at 3-4. Defendants also contend that plaintiff has not shown good cause to serve subpoenas on the remaining eight individuals because (1) there is no allegation or evidence that relevant information will be destroyed if the subpoenas are not issued; (2) concerns over possible destruction are unfounded because Huntington has contacted the individuals and has requested that they preserve documents identified in plaintiff's subpoena; and (3) plaintiff has failed to show that he will suffer undue prejudice if his motion is not granted. *Id*. at 4-7.

---

[3] The exhibits containing a list of these persons and the specific documents at issue were filed under seal. Doc. No. 51.

In reply, plaintiff argues that defendants lack standing to oppose the request to serve subpoenas on non-parties. *Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Leave to Serve Preservation Subpoenas*, pp. 1-2, Doc. No. 52 ("*Reply*"). Plaintiff also contends that concerns about preservation are valid because defendants fail to specify when they contacted the non-parties and what the non-parties were told. *Id*. at 3. As to the current employees, plaintiff argues that he is not attempting to "expedite discovery" or seek production of documents, thereby distinguishing defendants' cited cases. *Id*. at 2-3. Plaintiff further contends that "good cause" exists for his request because the scope of the request is narrow and the evidence is critical to defendants' alleged breaches of fiduciary duties. *Id*. at 4-5.

## II. STANDARD

Rule 26 of the Federal Rules of Civil Procedure governs discovery. Rule 26(d) provides as follows:

> (1) *Timing*. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.
>
> (2) *Sequence*. Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
>
>> (A) methods of discovery may be used in any sequence; and
>>
>> (B) discovery by one party does not require any other party to delay its discovery.

Rule 26(d) therefore permits the district court to order expedited discovery. *See*, *e.g.*, *Qwest Communs. Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

Although there is no binding authority on point, unpublished decisions from this and other district courts within this circuit have applied a good cause standard in determining whether or not to permit expedited discovery. *See*, *e.g.*, *Giltnane v. Tennessee Valley Auth.*, No. 3:09-cv-14, 2009 U.S. Dist. LEXIS 6734 (E.D. Tenn. Jan. 30, 2009); *Arista Records, LLC v. Does 1-4*, No. 1:07-cv-1115, 2007 U.S. Dist. LEXIS 85652 (W.D. Mich. Nov. 20, 2007); *Whitfield v. Hochfield*, No. C-1-02-218, 2002 U.S. Dist. LEXIS 12661 (S.D. Ohio July 2, 2002). "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Qwest Commc'n Int'l, Inc.*, 213 F.R.D. at 419. "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time. *See*, *e.g.*, *id.*; *Qwest Commc'n Int'l, Inc.*, 213 F.R.D. at 419; *Warner Bros, Records, Inc. v. Does 1-4*, No. 2:07-cv-0424 TC, 2007 U.S. Dist. LEXIS 48829, at *2-3 (D. Utah July 5, 2007). The scope of the discovery request is also relevant to whether or not good cause exists. *See*, *e.g.*, *Qwest Commc'n Int'l, Inc.*, 213 F.R.D. at 420. Finally, the trial court retains broad discretion in establishing the timing of discovery. Fed. R. Civ. P. 26(d)(2).

**III. DISCUSSION**

    **A.    Current Huntington Employees**

As a party to this action, Huntington has an obligation to preserve evidence that is relevant to the litigation. *See*, *e.g.*, *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D. N.Y. 2003) (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)). Plaintiff does not dispute defendants' contention that 11 of the 19 individuals identified in plaintiff's exhibit are current Huntington employees. Exhibit 1, Doc. No. 51. Huntington has control over its current employees and the records within their possession. *See*, *e.g.*, *In re Grand Jury Subpoenas Duces Tecum Dated June 13, 1983 and June 22, 1983*, 722 F.2d 981, 984 (2d Cir. 1983)("The officer creates or handles the records in a representative capacity, not on his own behalf. The records, moreover, do not belong to him but to the organization."); *Flagg v. City of Detroit*, 252 F.R.D. 346, 353 (E.D. Mich. Aug. 22, 2008) ("[A] corporate party may be deemed to have control over documents in the possession of one of its officers or employees."); *LaCroix v. American Horse Show Ass'n*, 853 F. Supp. 992, 1001 (N.D. Ohio 1993) (noting that defendant had control over its employees). Accordingly, Huntington can ensure that its current employees comply with its request to preserve relevant information. There is nothing before the Court to suggest that Huntington and/or its current employees have not or will not comply with this obligation. Indeed, Huntington represents to the Court that it "is fully complying with its discovery obligations, including its obligation to preserve relevant documents." *Memo. in Opp.*, p. 3. Therefore, plaintiff's request to serve a Rule 45 subpoena on 11 of Huntington's current employees is without merit.

    **B.    Former Huntington Employees and OCC Employees**

Of the remaining eight individuals identified by plaintiff, the parties do not dispute that six are former Huntington employees and the other two are current OCC employees. Plaintiff argues that defendants lack standing to object to the request to subpoena these non-parties, an argument that defendants apparently concede. Exhibit A. Plaintiff's argument is well-taken. The proposed subpoena is not directed to defendants. "The law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty. The party to whom the subpoena is directed is the only party with standing to oppose it." *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) (internal citations omitted). In this case, defendants have not asserted a claim of privilege, but argue instead that subpoenas are unnecessary and that plaintiff will not suffer undue prejudice if plaintiff is denied leave to issue the subpoenas. *Memo. in Opp.*, pp. 5-6. Defendants therefore lack standing to challenge the proposed subpoenas directed to these eight individuals. *Donahoo*, 211 F.R.D. at 306.

Plaintiff next distinguishes between a Rule 45 subpoena seeking the production of documents and a subpoena that "merely" requires the preservation of documents, arguing that the latter is not an attempt to engage in expedited discovery. *Reply*.[4] Regardless of how plaintiff attempts to frame his request, a Rule 45 subpoena is a discovery device that may not be used to circumvent other civil rules or court orders. *See, e.g.*, *Barrington v. Lockheed Martin, Corp.*, 2007 U.S.

---

[4]Nevertheless, plaintiff earlier acknowledged that Rule 26(d) prohibits discovery prior to the Rule 26(f) conference and concedes that he needs the Court's permission to issue the proposed subpoenas. *Plaintiff's Motion*, p. 2.

7

Dist. LEXIS 32602, at *11 (M.D. Fla. May 3, 2007) (stating that Rule 45 may not be used to circumvent Rule 34 or a court's discovery order); *Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 (N.D. Ind. 2001) ("[M]ost courts hold that a subpoena seeking documents from a third-party under Rule 45(a)(1)(C) is a discovery device and therefore subject to a scheduling order's general discovery deadlines"). Accordingly, the Court must determine if good cause exists to permit plaintiff to issue the proposed subpoenas prior to the Rule 26(f) conference.[5]

For the reasons that follow, the Court concludes that plaintiff has established good cause. First, plaintiff may suffer undue prejudice if the documents that he seeks to preserve, which may bear directly on the claims in this litigation, are destroyed. Defendants argue that these subpoenas are unnecessary, representing that defendants have communicated with the eight individuals and have advised them to preserve the documents identified in plaintiff's proposed subpoenas. However, as plaintiff points out, an informal conversation asking non-parties to preserve certain documents lacks the force of a subpoena. Based on the present record, if defendants' motion to dismiss is denied, failing to preserve the identified documents would work to plaintiff's prejudice.

Second, the subpoenas seek to preserve seven categories of specific documents. Exhibit 2, Doc. No. 51. Plaintiff represents that the scope of these categories is "sufficiently particularized"

---

[5]Plaintiff apparently concedes that good cause must be shown because he argues that good cause exists to issue these proposed subpoenas. *Reply*, pp. 4-5.

and captures "critical evidence targeted to Defendants' alleged breaches of fiduciary duties[.]" *Plaintiff's Motion*, p. 4, *Reply*, p. 4.[6]  Nevertheless, the Court observes that the categories fail to identify a specific time frame.  The *Amended Complaint* identifies the relevant time period as June 2006 to the present.  *Am. Compl.*, ¶ 1.  Accordingly, plaintiff may propose more narrowly tailored subpoenas specifically identifying a timeframe relevant to the issues raised in the *Amended Complaint*.

Finally, permitting more narrowly tailored subpoenas designed to preserve relevant information does not conflict with the Court's prior *Order*, Doc. No. 34, which continued the Rule 16 preliminary pretrial conference.  Moreover, issuing the subpoenas to these third parties does not undermine the parties' desire to conserve their resources because it does not require response from any party.

**WHEREUPON**, *Plaintiff's Motion for Leave to Serve Preservation Subpoenas on Various Third Parties*, Doc. No. 47, as presently formulated, is **DENIED without prejudice** to the right to issue subpoenas to the eight individuals identified in Exhibit 1 who are not current Huntington employees.  The subpoenas must be narrowly tailored to reflect the applicable timeframe identified in the *Amended Complaint*.

June 12, 2009                                  *s/Norah McCann King*
                                                Norah McCann King
                                          United States Magistrate Judge

---

[6] In addition, defendants do not complain about the breadth of the categories of documents.